31228. STATE HIGHWAY DEPARTMENT *v.* FLORENCE.

DECIDED MAY 3, 1946. REHEARING DENIED JUNE 6, 1946.

*Eugene Cook, attorney-general, L. C. Groves, assistant attorney-general, Sam Welsch, J. G. Roberts,* for plaintiff in error.

*Haas, Lyons & Hurt, George D. Anderson, Schroeder & Walker,* contra.

FELTON, J. The sole question presented for determination is whether the State Highway Department of Georgia has the right to maintain an action ex delicto for the negligent destruction of a

bridge on a road which has been placed under the State-aid system of roads. This is, insofar as we have been able to ascertain, a question of first impression in this State. In England, generally the duty of maintaining bridges rested upon the counties, and this responsibility carried with it the right to bring an action for any negligent destruction. In this country, the duty to maintain and repair bridges is usually imposed by statute; the burden being one which the legislature can put on such public agencies, or transfer from one to another, as it may deem expedient and best for the public interest.

We have examined a multitude of decisions from the courts of the various States, involving actions for the destruction of bridges, but in each instance these decisions proved valueless as a guide in answering the question presented here; for the statutes of the States wherein these decisions were rendered contained in every instance provisions conferring upon a specific person, corporation, or public agency, the specific right of action for the destruction of bridges. This right of action in those States granted *a right of action for the destruction of bridges,* and did not confer generally the right to sue and be sued on the person, corporation, or public agency, charged with the duty of maintaining and repairing the bridges and highways of the State. We think, however, that, from a consideration of the provisions of our statutes and an application of the principles of reason and logic, a simple solution may be evolved.

Counsel for both the plaintiff and the defendant have concerned themselves much with the question of the ownership of the bridge, and have cited to the court cases involving the question of *the right to sue the State, its counties, public agencies, or political subdivisions.* These questions have no bearing upon the question here, i.e., the right of the State, the counties, or the public agencies of the State to bring the action. It has long been established that the State in all its sovereignty may be sued only in those instances where it has expressly permitted itself by statute to be sued, and this is equally applicable to its political subdivisions and public agencies; but, as has been said, neither this rule nor the multitude of decisions expounding it answers the question of the right of the State, its political subdivisions, and public agencies, to institute an action. Because of the rule with reference to actions *against* a sovereign, the legislature and the courts have guarded against such

actions, and the courts have strictly construed all statutes on the subject. The rule has been a guide to the interpretation of such statutes. However, the rule is the reverse when it comes to the right of a sovereign to sue, and this rule should guide in the interpretation of statutes pertinent to this subject. "Although the right to sue is sometimes expressly conferred by statute, it is well established that, independently of any statutory provision therefor, a State may sue in its own courts either as sovereign, or by virtue of its rights as a political corporation." 59 C. J. 299, § 458, and cases there cited. And "the State may prescribe by statute the cases in which its officers or agents may sue in their own or official names." 36 Cyc. 909. In the act of 1919 (Ga. L. 1919, p. 242, article VI, sec. 3), providing for the reorganization of the State Highway Department and the establishment of State-aid roads, it is stated: "That the State Highway Board, acting for and in behalf of the State, is hereby authorized and empowered to sue and *be sued, as hereinbefore provided, and not otherwise.*" (Italics ours.) The only provision thereinbefore dealing with the right of action against the State Highway Department is to be found in article V, sec. 2, provision 5, of that act, which follows: "That when any portion of the designated State-aid road system is taken under the jurisdiction of the State Highway Department . . the county or counties in which said portion is located shall not thereafter be required to levy taxes for the construction or maintenance of said portion, or to use any of its funds or road forces in the construction or maintenance thereof, provided that the State Highway Department shall defend all suits and be responsible for all damages awarded against any county under existing laws, and whenever the cause of action originates on highways jurisdiction over which shall have been assumed by said Highway Department under the terms of this act, and provided that any county sued shall voucher said Highway Department to defend such litigation, by furnishing said Highway Department with a notice to defend such suit . . and provided further that said State Highway Department shall have the right and authority to adjust and settle in the name of such county and on its own behalf any claim for damages for which said State Highway Department may be ultimately liable under the terms of the preceding proviso." Even at this stage in the legislative history of the State Highway Department the power

to bring such an action as is here involved is conferred upon the department, for the act of 1919 provides in what instances the Highway Department, being a part of the sovereign State, can be sued, and expressly states, "and not otherwise." Considering the different rules which determine the construction of statutes, it is actions *against* the department which are limited and proscribed, and not actions *by* the department. The right to condemn rights of way is specifically given, and is not considered as a suit in the general sense. In the act of 1925 (Ga. L. 1925, p. 208), amending the act of 1919, we find this statement: "Sec. 4. Be it further enacted that said Highway Department may sue and be sued or make settlement of all claims presented to it under oath." In 1943 the General Assembly again reorganized the Highway Department, and made the following provision: "All suits brought either by or against the State Highway Department shall be brought in the name of 'State Highway Department of Georgia.' All suits brought ex contractu by or against State Highway Department of Georgia shall be brought in the county where the contract is to be or has been performed. All suits brought ex delicto shall be brought in the county where the cause of action arose. Service upon said department shall be sufficient by serving a second original process issued from the county where the suit is filed upon the Highway Director, either personally or by leaving a copy in the State Highway Building, No. 2 Capitol Square, Atlanta, Georgia."

In the light of these acts hereinbefore set out, we are of the opinion that the General Assembly intended to confer upon the State Highway Department, as one of its public agencies, not only the duty of constructing, maintaining, and repairing the highways and bridges of the State-aid system of roads, but also to confer on the Highway Department the right to protect the State's interest in matters growing out of the maintenance of its State-aid system of roads. We think that it will not be contested that the State has complete power over its internal highway system, and that bridges in the usual and general sense are considered a part of the highway; but that the Code, § 95-1701, will resolve any doubt as to the bridge's being a part of the highway, and in its corporate capacity or capacity as sovereign the State may sue for any injury or interference with its highway system. This power, we think,

the State has delegated to the State Highway Department, which is financially responsible for the State-aid road system.

The query of counsel for the defendant as to what will become of the money in the event that the State Highway Department obtains a judgment is met with the like question of what will become of the money if, as they contend is correct, Cobb County should bring the suit and recover. The Code, § 95-1709, forbids the county to use any of its funds for maintenance and construction of State-aid roads; and it seems to us that the logical disposition of any money recovered in an action for the destruction of a bridge on a public highway which is to continue in use would be to use the money for the purpose of restoring the bridge destroyed; or where the bridge has already been rebuilt, to use the money to replace as nearly as possible those funds which the Highway Department expended in restoring the bridge. This is not, however, to be construed as an expression of opinion upon the question of the measure of damages. A recovery by the county would have no such equitable result, even if there is also a right of action in the county. We think, however, aside from what appears to be the logical disposition to be made of the money, that the Code, § 95-1720—where it is stated, "all available funds from whatever source composing the State-aid road fund shall be used for the construction and maintenance of said State-aid roads,"—would seem to provide for the eventuality of the State Highway Department's recovering such a judgment.

As to the question of title to the bridge, we are constrained to say that the statement of counsel for the defendant, that "an action for tort for damages to personal property must be brought in the name of the holder of the legal title," fails to state the law in Georgia upon this question. The Code, § 3-109, provides: "An action for a tort shall, in general, be brought in the name of the person whose legal right has been affected, and who was legally interested in the property at the time the injury thereto was committed, and against the party committing the injury, either by himself, his servant, or agent in his employment." It may be that the title to the materials in the bridge destroyed is in Cobb County, under the facts of the case and the ruling in *Stewart County* v. *Holloway*, 69 *Ga. App.* 344 (25 S. E. 2d, 315), and upon this question we express no opinion; but regardless in whom

the title lay, it is immaterial in this case, for the reason that the State Highway Department was holding the bridge, as part of the State-aid system of roads under its jurisdiction, in trust for the use of the public and with the duty to replace it; and in this capacity may be considered a bailee and may bring the action for the allegedly negligent destruction of the bridge. *Emanuel County* v. *Thompson, 3 Ga. App.* 225 (59 S. E. 603); *Brown Store Co.* v. *Chattahoochee Lumber Co., 121 Ga.* 809 (49 S. E. 839).

Anything that may appear in or be inferred from the ruling in *Lincoln County* v. *Gazzaway, 43 Ga. App.* 358 (158 S. E. 647), as to the power of the State Highway Department to sue, is obiter and not controlling upon the court; and this is likewise true of the ruling in *Tounsel* v. *State Highway Department, 180 Ga.* 112 (178 S. E. 285).

For the foregoing reasons, the court erred in sustaining the general demurrer and in dismissing the action.

*Judgment reversed. Sutton, P. J., and Parker, J., concur.*