13 N.J. Super. 166 (1951)
80 A.2d 333
DECOR-EL, INC., A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF,
v.
C. FRANK BERTSCH, INDIVIDUALLY, AND AS GENERAL AGENT FOR CALEDONIAN INSURANCE COMPANY, FIREMEN'S INSURANCE COMPANY OF NEW JERSEY, GIRARD FIRE & MARINE INSURANCE COMPANY AND VIRGINIA FIRE & MARINE INSURANCE COMPANY, AND CALEDONIAN INSURANCE COMPANY, INDIVIDUALLY, FIREMEN'S INSURANCE COMPANY OF NEW JERSEY, INDIVIDUALLY, GIRARD FIRE & MARINE INSURANCE COMPANY, INDIVIDUALLY, AND VIRGINIA FIRE & MARINE INSURANCE COMPANY, INDIVIDUALLY, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided April 19, 1951.
*167 Mr. Robert J. Novins, attorney for plaintiff.
Messrs. Lum, Fairlie & Foster, attorneys for defendant insurance companies.
WILLIAM A. SMITH, J.S.C.
This action was instituted to recover on alleged binders of insurance in the sum of $10,000, which plaintiff claims were issued on its personal property in accordance with an agreement entered into on or about September 7, 1949, with the defendant, C. Frank Bertsch, who was acting as general agent for the named defendant insurance companies. A fire occurred on October 9, 1949, which completely destroyed the property claimed to have been insured, and the action is brought to recover from the agent and from the insurance companies on the alleged binders.
Motion is now made on behalf of the defendant insurance companies for summary judgment against the plaintiff on the following grounds: the alleged binder was ordered orally on September 7, 1949; no written binder or policy was issued; the fire did not occur until October 9, 1949; and since L. 1949, c. 158 limits oral binders to a period not exceeding ten days, no action can be maintained against the insurance companies. L. 1949, c. 158 (N.J.S.A. 17:36-5.3), adopted on May 19, 1949, amends "An Act prescribing a standard form of fire insurance policy, endorsements and supplemental contracts, * * *" approved April 20, 1944, and provides as follows:
"Binders or other contracts for temporary insurance may be made orally for a period which shall not exceed ten days or in writing for a period which shall not exceed sixty days and shall be deemed to include all the terms of such standard fire insurance policy and all such applicable endorsements, approved by the Commissioner of Banking and Insurance, as may be designated in such contract of temporary insurance; except that the cancellation clause of such standard fire insurance policy and the clause thereof specifying the hour of the day at which the insurance shall commence, may be *168 superseded by the express terms of such contract of temporary insurance."
The complaint in this case alleges that the defendant Bertsch is a general agent for the named insurance companies, that on or about September 7, 1949, Oliver Piegelbeck, an officer of the plaintiff, ordered fire insurance to cover its stock and other personal property, including fixtures, located in premises known as Lots 733, 734, 735, 736, 737, and 738, Longport Avenue, Ocean Gate, New Jersey, from Bertsch as agent; and that a fire occurred on October 9, 1949, which completely destroyed the property insured. The pretrial order admits that the property of the plaintiff corporation was destroyed by fire on October 9, 1949, and states the plaintiff's claim that on or about September 7, 1949, plaintiff purchased fire insurance in the amount of $10,000 from the defendant corporations through the defendant agent, covering the property which was destroyed. In the pretrial order the defendant denies the insurance order or that insurance was sold.
The affidavit supporting the defendants' motion is made by the defendant C. Frank Bertsch and is to the effect that he was asked to place $10,000 insurance on the building upon the premises described in favor of Lee Ritter, the owner; that the rate was $3.99; that Mr. Bertsch placed a binder on the building with the defendant, Caledonian Insurance Company, for $10,000 on June 15, 1949; that on July 11, 1949, the defendant Bertsch bound the defendants, Firemen's Insurance Company of New Jersey, Girard Fire & Marine Insurance Company, and Virginia Fire & Marine Insurance Company, each with $2,500 reinsurance on the Caledonian Insurance Company binder in the amount of $10,000; that on August 11, 1949, binders were renewed in the said Firemen's, Girard, and Virginia companies in the sum of $2,500 each, and on September 15, 1949, the $10,000 binder was renewed in the defendant Caledonian. The eighth paragraph of the affidavit of the defendant Bertsch reads as follows:
"In the meantime, on September 7, 1949, I went to the Ritter building and spoke with Mr. Oliver Piegelbeck, who was *169 associated in business with Lee Ritter. I advised Mr. Piegelbeck that no payment had ever been made on the written binder aforesaid, and that unless a payment were made, it would be necessary to cancel same. As a result, Oliver Piegelbeck prepared and gave me a check on the Decor-El, Inc. account, in the sum of $50.00, and I gave him a receipt for said amount, made out to `Lee Ritter, Ocean Gate, N.J.', said receipt reciting:
"`Payment on account of binder, June 15, 1949, for $10,000.00 fire insurance policy.'"
Bertsch further states in his affidavit that on October 8, 1949, the building was destroyed by fire, and on October 10, 1949, loss reports were sent to the fire insurance companies; that on November 5, 1949, Bertsch received a copy of the report of the Fire Insurance Rating Organization of New Jersey establishing a new rate for the Ritter building which had been inspected on October 5, 1949; that on November 9, 1949, a letter was mailed to Lee Ritter enclosing four insurance policies, each for $2,500, covering the building, and enclosing a statement showing the total premium due as $129; that there had been paid on account, September 7, 1949, $50, leaving a balance of $79 which was paid on December 8, 1949, by personal check of Lee Ritter dated December 7, 1949; and that on December 8, 1949, the building loss was fully paid to Lee Ritter. The affidavit states further that prior to the fire on October 8, 1949, Bertsch had several discussions with Oliver Piegelbeck, relative to insurance on the contents of said building; that Mr. Piegelbeck was not sure of the type of coverage desired; and that, although Bertsch had arranged for various insurance company representatives to visit Piegelbeck to assist him in setting up an insurance program, no order of any kind was ever given to him for insurance coverage on the contents of the building. Bertsch categorically states in his affidavit that no order of any kind was ever given to him for the contents coverage by the plaintiff or by any one in its behalf; that he did not issue a policy of insurance for the *170 contents coverage to the plaintiff or to any one in its behalf; that he did not issue a written binder on contents coverage to the plaintiff or to any one on its behalf; and that he did not make any oral binder or contract with the plaintiff or any one on its behalf for the contents coverage.
Affidavits on behalf of the plaintiff were submitted by Ritter and Piegelbeck. Ritter claims in his affidavit that he was the owner of the building, placed $10,000 insurance on it with the defendant Bertsch on or about June 15, 1949, and never received any binder or policy before or subsequent to the fire; that he was informed by Bertsch he was bound in the amount of $10,000, and he was paid the loss some months after the fire occurred; that on payment being asked for $79 on account of the premium, he gave Bertsch a personal check for it; that he later discovered the credit of $50 paid by the plaintiff's check, which he denies was a payment for him and claims was paid on account of the plaintiff's inventory insurance. Piegelbeck in his affidavit states that on June 15, 1949, he was present when Bertsch visited the premises and Ritter placed the $10,000 insurance upon the building. He says that during the course of the conversation it developed that there should be $5,000 worth of insurance placed immediately on the plaintiff's goods and that on October 1 the inventory would have increased sufficiently to increase the amount of insurance to $10,000; and that during the ensuing weeks Mr. Bertsch visited the premises on several occasions, advising him that the premises would have to be put in order for a rate revision inspection. He then states:
"On or about September 7th, 1949, Mr. Bertsch visited at the plant and demanded a payment on insurance, which he stated he and his companies were carrying, and I reminded him then that the proposed organization of Decor-El, Inc. had been completed and that I was responsible for the insurance upon the contents of the premises. I informed him that Decor-El was a tenant in the building and that he would have to look to Lee Ritter, the owner of the building, for compensation on the insurance covering the building. I questioned Mr. Bertsch as to the cost of contents insurance in which Decor-El was interested. He reminded me that a rate revision *171 was in progress and that no premium had been developed to date, and that everything was under binders. He also said that unless he received payment, he would cancel those binders for contents insurance. Thereupon, I paid him a Decor-El, Inc. check on account, in the amount of $50.00 to the order of C. Frank Bertsch, agent. Mr. Bertsch gave me no receipt at the time, and indicated that the policies would be forthcoming shortly when the rate would be established."
Piegelbeck further states that on several occasions subsequent to September 7, 1949, he had conversations with Mr. Bertsch relative to the contents insurance, particularly during the week prior to the fire, "at which time Mr. Bertsch visited with me at the building at my request."
It is therefore the plaintiff's claim from the affidavits submitted on its behalf on this motion that the binders of insurance in the plaintiff's favor were ordered September 7, 1949, and while the words "on or about" are contained in the affidavit and the complaint, the date is fixed by the date of the check which was given by Piegelbeck. Bertsch's affidavit says that he received it on that date, and as it is the plaintiff's check and undoubtedly cleared through the bank, the date is readily fixed. The extent of the plaintiff's proof on this motion as taken most favorably to the plaintiff is that an oral order for $10,000 insurance was given on or about September 7, 1949, on the property in question. This, of course, if true, would be the basis of an oral binder, which is permitted by the statute. There is no proof that these specific insurance companies were bound by such oral binder, and if they were, no action can be predicated upon it because the alleged order was given more than ten days prior to the fire. It is quite evident that the purpose of the statute is to prevent issues arising such as are here presented. If the claim of the plaintiff is factually true, which of course is disputed by the defendant Bertsch, the plaintiff's claims are against Bertsch under proper pleadings.
The motion for summary judgment will be granted.