414 P.2d 491

**Mrs. Billy BUCK, Plaintiff-Appellee,**

**v.**

**MOUNTAIN STATES INVESTMENT CORPORATION, Defendant,**

**and**

**Western Fire and Casualty Company of Fort Scott, Kansas, Defendant-Appellant.**

**No. 7803.**

Supreme Court of New Mexico.

May 16, 1966.

McAtee, Toulouse, Marchiondo, Ruud & Gallagher, Mary C. Walters, Albuquerque, for appellant.

Threet, Threet, Glass & King, Albuquerque, for appellee.

COMPTON, Justice.

This is an action for reformation of an insurance policy and to recover for the loss by fire of household goods and other items while in transit from Texas to New Mexico. Pending disposition of the appeal, Billy Buck died. Upon the death of Billy Buck, Mrs. Billy Buck was substituted as plaintiff-appellee, and, for the purposes of this opinion, Billy Buck will be referred to as appellee.

On January 16, 1963, pursuant to several telephone conversations, Mr. Buck and the solicitor agent for Mountain States Investment Corporation, acting as agent of the appellant, Western Fire and Casualty Company, met at the agent's office in Al-

buquerque and entered into an oral contract whereby the agent agreed to have issued to the appellee an insurance policy in the amount of $8,000.00, to be effective from August 16, 1963 to August 31, 1963, insuring against loss by fire the appellee's household goods and effects and fifty trash receptacle units while in transit from Bryan, Texas to Albuquerque, New Mexico. The premium of $48.00 for the policy was paid by the appellee and a binder was issued to him by the solicitor agent who represented the binder to be in conformity with their oral agreement. The appellee thereupon put the binder into his pocket without reading it and proceeded immediately to Bryan, Texas with his employer, a Mr. Huff, in the latter's automobile. The household goods were loaded onto a rented trailer hitched to Mr. Huff's car. On August 19, 1963, while en route to Albuquerque, all of the items, which the court found to be valued at $4,000.00, were totally destroyed by fire. Appellant's agent was immediately notified of the loss, but liability was denied on the ground that the policy issued by the appellant provided insurance coverage for shipment by truck only.

On conflicting testimony the court found that the oral agreement was for coverage of the household goods and trash receptacle units by any method of transportation selected by appellee; that the binder issued was represented to appellee by the agent to conform to the oral agreement; that the

agent misrepresented the coverage of the insurance binder; and that the appellee relied upon these representations to his loss.

The court further found that the insurance policy issued by the appellant pursuant to the order of its agent neither conformed to the oral agreement nor to the binder issued by its agent; that the appellee was never advised by either the appellant or its agent that the policy as issued differed in its terms from the oral agreement although the appellant knew that the terms of the policy were materially different from the agreement between the agent and the appellee. The court then concluded that the policy should be reformed to provide coverage of the household goods and effects against loss by fire while in transit from Bryan, Texas to Albuquerque, by whatsoever means of transportation chosen by the appellee. Judgment was entered accordingly and the insurance company appeals. No appeal is taken from a judgment dismissing the action with prejudice against the agent.

The appellee testified that at the time of the negotiations prior to the preparation of the written contract, it was understood and agreed by him and the agent that the insurance to be issued would cover transportation of the goods by automobile, trailer, truck or other means of conveyance; that he relied upon the agent's representations that the binder expressed their oral agreement and that the insurance policy

would conform thereto. Appellee's testimony was corroborated by Mr. Huff who was with appellee when he applied for the coverage.

But the binder issued to the appellee by the agent provided for coverage of household goods and fifty receptacle trash units being shipped "by truck." The policy of insurance thereafter issued by the appellant provided coverage on the household goods and effects while in transit in a rental truck under the control of certain types of shippers, such as a railway company, railway express company, or common carrier. No coverage whatever was included for the trash receptacle units. The policy was not received by the agent until after the loss had been reported to it, and was never delivered to the appellee nor seen by him until the time of trial.

The substance of a single point relied upon by the appellant for reversal of the judgment is that there are only two grounds upon which reformation of a contract may be granted, i. e., (a) a mutual mistake of the parties, or (b) a mistake by one of the parties accompanied by fraud on the part of the other party, and since the trial court did not make findings on either of these issues, its judgment is unsupported by the findings.

■ It is well established in this jurisdiction, and generally, that a court of equity may grant reformation of a contract where either by mutual mistake of the parties, or through mistake on the part of one party and fraud or inequitable conduct on the part of the other party, the written instrument drafted to evidence a contract fails to express the real agreement and intentions of the parties. Dearborn v. Niagara Fire Insurance Company, 17 N.M. 223, 125 P. 606; First National Bank of Elida v. Hartford Fire Insurance Co., 17 N.M. 334, 127 P. 1115; Cleveland v. Bateman, 21 N.M. 675, 158 P. 648; Points v. Wills, 44 N.M. 31, 97 P.2d 374; Collier v. Sage, 51 N.M. 147, 180 P.2d 242; 13 Appleman, Insurance Law and Practice, § 7609, p. 33; 76 C.J.S., Reformation of Instruments, §§ 29, 30; 29 Am.Jur., Insurance, §§ 340, 341.

■ As we view the findings in this case, while they do not expressly find either mutual mistake or fraud, implicit is a finding of inequitable conduct both on the part of the appellant and its agent. An agent's conduct need not be characterized as fraud in order to warrant reformation of an insurance policy. In Portella v. Sonnenberg, 74 N.J.Super. 354, 181 A.2d 385, reformation was granted where an agent, with knowledge of the insured's request for complete liability coverage on a department store, remained silent about the exclusion of elevators and failed to write the policy so plainly that its examination by the insured would bring home the exclusion. The court declined to call the agent's conduct

fraudulent but rather a lack of good faith and fair dealing. In Mahon v. State Farm Mutual Automobile Ins. Co., 36 Ill.App.2d 368, 184 N.E.2d 718, reformation was granted where the agent's conduct in making an alteration in the date on the policy without the insured's consent was called inequitable but not fraudulent. And in Mortenson v. Hawkeye Casualty Co., 234 Iowa 430, 12 N.W.2d 823, it was held that reformation is warranted when a policy does not express the intention of the parties because of some fault or negligence on the part of the agent.

The appellant cites Taff v. Atlas Assur. Co., 58 Cal.App.2d 696, 137 P.2d 483, as authority for its position that the mere failure to issue the policy requested does not necessarily constitute fraud or actionable mistake, contending that the appellee was not prevented from reading the binder and by the exercise of reasonable care on his part he would have discovered his coverage was limited to transportation by truck. The Taff case involved the receipt and acceptance by insured, without objection, of five successive yearly policies of insurance covering loss of jewelry. The court found no excuse for the insured's failure to read them. This court also held in Porter v. Butte Farmers Mutual Insurance Company, 68 N.M. 175, 360 P.2d 372, that where an insured has an opportunity of seeing and examining a policy he is bound by the statements therein contained in the absence of fraud. These cases, however, are not applicable here where the appellee never saw the policy nor had it in his possession but relied on the representations of the agent that the binder and the policy to be issued would conform to their oral agreement. Nor do we find any testimony to indicate that a reading of the binder, without further explanation by the agent, would have alerted the appellee to the fact that the use of the word "truck" applied solely to a motor truck and would not include a trailer. In any event, it is undisputed that the policy as issued did not conform even to the coverage called for in the binder, nor was the appellee ever so advised. We evaluate the evidence with regard to inequitable conduct on the part of the appellant and its agent as clear, convincing and satisfactory.

Lastly, the appellant contends that the reformation of the contract of insurance here results in an illegal contract; and, therefore, the relief sought should have been denied. In support of its contention that the court may not reform a contract made in violation of statutory requirements, the appellant cites several cases from other jurisdictions. They lend it no support. This court in Douglass v. Mutual Ben. Health & Accident Ass'n, 42 N.M. 190, 76 P.2d 453, held that while the violation of a statute prohibiting the issuance of in-

surance policies until schedules of rates and forms have been filed with the superintendent of insurance may be punishable by penalty or revocation of the certificate of authority to do business in the state, contracts so made are not void by their terms. We said:

"If contracts made in violation of this statute release the insurer, then its object and purpose is circumvented, and the door to injustice and oppression is wide open. The insured ordinarily would not know of any such violation, or that there were in fact published rates or approved forms."

 A court of equity will not withhold relief where it is necessary in the interest of justice and of sound public policy to enforce a contract which is inhibited by statute, but is not declared void, provided the parties are not in pari delicto. Baldwin v. Equitable Life Assurance Society of United States, 252 Iowa, 639, 108 N.W.2d 66, and cases cited therein. We do not find, nor has there been pointed out to us, any provision in our applicable insurance statutes which declares as void policies issued in violation thereof.

The judgment should be affirmed. It is so ordered.

CARMODY, C. J., and NOBLE, J., concur.