444 P.2d 293

**FOUNDATION RESERVE INSURANCE CO., Plaintiff-Appellant,**

**v.**

**John R. KENNEDY, d/b/a Lybrook Inn, and James F. Hum, d/b/a Jim Hum Insurance, Defendants-Appellees.**

**No. 8524.**

Supreme Court of New Mexico.

Aug. 12, 1968.

Tansey, Rosebrough & Roberts, Richard L. Gerding, Farmington, for appellant.

Bigbee & Bryd, Jere C. Corlett, Santa Fe, for appellees.

## OPINION

MOISE, Justice.

Plaintiff-appellant sought a declaration concerning its liability on a thirty-day binder issued by its agent to defendant-appellee to insure a building of defendant against fire loss. The building was destroyed by fire more than fifteen days after issuance of the binder but within the thirty days stated in it as the time during which it would be effective.

Plaintiff does not question the authority of the agent who issued the binder in its name, but asserts that after the passage of fifteen days it was void because prohibited by § 58–8–10(c), N.M.S.A. 1953, which provides inter alia:

"Binders or other contracts for temporary insurance may be made orally or in writing, for a period which shall not exceed fifteen [15] days * * *."

It is plaintiff's position that the statute is mandatory and not permissive, and it cites and relies on three cases from other jurisdictions which it asserts furnish support for the claim that the binder was void and of no effect beyond the fifteen days provided in the statute. These cases are Eastern Shore of Virginia Fire Ins. Co. v. Kellam, 159 Va. 93, 165 S.E. 637 (1932); National Liberty Ins. Co. of America v. Jones, 165 Va. 606, 183 S.E. 443 (1936), and Decor-El, Inc. v. Bertsch, 13 N.J.Super. 166, 80 A.2d 333 (1951). While these cases furnish some support for plaintiff, we do not deem it necessary that we undertake to explain or distinguish them. In our view, the proper interpretation of the statute and its correct application have been clearly outlined in our decisions in Douglass v. Mutual Ben. Health & Accident Ass'n, 42 N.M. 190, 76 P.2d 453 (1938), and more recently in Buck v. Mountain States Investment Corporation, 76 N.M. 261, 414 P.2d 491 (1966).

Douglass involved a question of whether a health and accident insurance policy was effective at the time represented by the agent of the company, or was void because violative of statute. The legislative purpose and intent in passing legislation dealing with insurance companies and policies were considered at length. Numerous authorities were cited and analyzed. The court concluded that statutory prohibitions did not make void insurance agreements made in violation of them where by the terms of the statute it was not so provided. Rather, it was stated that the object of the statute is to "protect the insured, not the insurer."

In Buck, supra, wherein reformation of an insurance binder to conform to representations made by the insurer's agent was upheld, this court had the following to say

concerning Douglass, supra, and the proper application of pertinent rules of law:

"\* \* \* This court in Douglass v. Mutual Ben. Health & Accident Ass'n, 42 N.M. 190, 76 P.2d 453, held that while the violation of a statute prohibiting the issuance of insurance policies until schedules of rates and forms have been filed with the superintendent of insurance may be punishable by penalty or revocation of the certificate of authority to do business in the state, contracts so made are not void by their terms. We said:

'If contracts made in violation of this statute release the insurer, then its object and purpose is [sic] circumvented, and the door to injustice and oppression is wide open. The insured ordinarily would not know of any such violation, or that there were in fact published rates or approved forms.'

"A court of equity will not withhold relief where it is necessary in the interest of justice and of sound public policy to enforce a contract which is inhibited by statute, but is not declared void, provided the parties are not in pari delicto. Baldwin v. Equitable Life Assurance Society of United States, 252 Iowa, 639, 108 N.W.2d 66, and cases cited therein. We do not find, nor has there been pointed out to us, any provision in our applicable insurance statutes which declares as void policies issued in violation thereof."

 Similarly here, although § 58–8–10(c), supra, limits the making of binders, whether oral or written, to not more than fifteen days, it does not state that if they are made for a longer period they are void. Neither do we believe that the legislature would have intended such a result when it is recognized that thereby a statutory plan intended to protect the public would work to its disadvantage and loss. It is our clear responsibility and duty to interpret the statute so as to avoid injustice, hardship and absurdity, or make its application unreasonable. State ex rel. State Highway Commission v. Board of County Com'rs of Dona Ana County, 72 N.M. 86, 380 P.2d 830 (1963); Montoya v. McManus, 68 N. M. 381, 362 P.2d 771 (1961).

We entertain no doubt that the legislature did not intend that an insurance company could successfully take refuge in a statute prohibiting certain conduct by it and thereby deprive of benefits one who in good faith thought his property insured. The trial court correctly ruled that the plaintiff was bound by the insurance which it agreed to furnish. The judgment is affirmed.

It is so ordered.

NOBLE and CARMODY, JJ., concur.