464 P.2d 404

**SOUTHERN STATES LIFE INSURANCE COMPANY, a Corporation, and Charles A. Keeling Sr., Plaintiffs-Appellees,**

v.

**Fred L. McCAULEY, Defendant-Appellant.**

**No. 8817.**

Supreme Court of New Mexico.

Jan. 26, 1970.

Robertson & Reynolds, Silver City, for defendant-appellant.

Charles A. Keeling, Jr., Albuquerque, for plaintiffs-appellees.

OPINION

MOISE, Chief Justice.

This is a suit on a promissory note executed by defendant-appellant to appellee Keeling, representing part of the premiums for two life insurance policies issued by Southern States Life Insurance Company on the life of appellant's parents, Thomas Crawford McCauley and Marie Opal McCauley. Appellee Keeling endorsed the note to Southern States Life Insurance Company, but subsequently paid the note and it was assigned back to him. No question is presented as to his right to sue. See Smith v. Orion Insurance Company, 298 F.2d 528 (10th Cir. 1961); Annot. at 90 A.L.R.2d 1291.

The record discloses, and the court found, that in 1951 the named insureds had purchased insurance from Southern States

Life Insurance Company, which policies expired by their terms in 1961. Thereafter, in 1965, appellant discussed the possible purchase of new policies, but was dissatisfied because of the absence of value in the old policies. Notwithstanding that the lapsed policies had no actual value, appellee advised appellant that if his parents would take new policies, a credit of approximately $4,000.00 could be allowed because of the old policies. The premium on the new policies was more than $9,000.00 for the first year, 90% of which represented appellee's commission. On March 22, 1965, two new policies on the lives of his parents were issued and delivered to appellant as owner and beneficiary, and he executed and delivered a note to appellee in the amount of $5,064.95 which, together with a $4,182.15 credit granted by appellee, covered the first year's premium on the new policies. Appellant would not have purchased the new policies had he not received the benefit of the refund which was in fact a special favor or advantage given by appellee in order to sell the insurance.

The note was not paid when due and this suit was instituted to collect. Appellant answered admitting execution of the note, but claimed that it was null and void because executed in reliance on false representations made by appellee that the old policies had value which appellant was entitled to have credited on the premium on the new policies. The basis for appellant's claim may be found in the provisions of § 58–9–3, N.M.S.A.1953, which reads as follows:

"Any person who is not a licensed agent, broker, or solicitor, who shall at any time knowingly receive any rebate of any premium specified in any insurance policy, or any special favor or advantage of any kind or nature whatsoever not plainly designated in the policy, or receive any dividends or profits, except dividends on participating policies, or agree to receive any dividends or profits, or anything of value whatsoever not specified in the policy, shall be guilty of a misdemeanor, and shall, upon conviction, be punished by a fine of one hundred dollars [$100], or imprisonment in the county jail for thirty [30] days, or both, in the discretion of the court; Provided, that this section shall not apply to the payment of dividends upon contracts made as inducements prior to the enactment hereof."

Appellant contends that there were two contracts, one involving the life insurance policies which need not be considered here, and the other involving the promissory note which was void because of illegal consideration. The illegality was said to result from Keeling's agreement to give a rebate which would be illegal for appellant to receive. Appellant maintains that if he paid the note with knowledge of the statute against rebates he would violate the statute.

Since the statute prohibits the receipt of rebates it would be violated by appellant's failure to pay the full premium, no less than by his promise to pay only a portion of it. The court would not be discouraging the receipt of rebates by permitting those who do receive a portion of the premium as a rebate to escape liability for the unrebated balance.

The note was given to the solicitor, who paid the company, and the policy as agreed upon was issued. Should the fact that a rebate was granted by appellee, the receipt of which by appellant is a misdemeanor, have the legal effect asserted by appellant? A somewhat similar situation existed in Word v. J. E. Earnest & Co., 129 S.W.2d 833 (Tex.Civ.App.1939), rev'd on other grounds, 132 Tex. 16, 152 S.W.2d 325 (1941). However, the statute there being construed clearly made it a crime for the insurer, acting through its agent or otherwise, as opposed to the insured, to do what was there held a violation of law.

Appellant makes no reference to § 58–9–12(8), N.M.S.A.1953, which prohibits the giving and the offering of re-

bates, and we need not discuss its effects. Under our decisions the insurance company could not have avoided liability on its policy because of the illegality here relied upon. See Douglass v. Mutual Ben. Health & Accident Ass'n, 42 N.M. 190, 76 P.2d 453 (1937); Buck v. Mountain States Investment Corporation, 76 N.M. 261, 414 P.2d 491 (1966); Foundation Reserve Insurance Co. v. Kennedy, 79 N.M. 382, 444 P.2d 293 (1968). This being true, it would seem grossly improper to permit appellant to escape payment of the premium represented by the note. This is particularly true since to excuse him would result in his being permitted to take advantage of his own criminal act, which was not a criminal act of the appellee or its principal, the insurance company. See 6A Corbin, Contracts, § 1522 (1962); Couch on Insurance 2d, § 30.65.

We would also note the rule quoted in Delgado v. Delgado, 42 N.M. 582, 82 P.2d 909, 118 A.L.R. 1175 (1938), from Esquibel v. Chaves, 12 N.M. 482, 78 P. 505, 510 (1904), that "The general rule, of course, is that provisions prescribing the penalty in a statute are exclusive, and that the courts have no right to impose any penalty, save as provided by the Legislature." As stated in Delgado, supra, if parties to an illegal contract are in pari delicto, courts ordinarily will leave them where it finds them. However, the rule is otherwise when they are not so situated and the statute places a penalty on one and not on the other. The party at fault under the statute cannot gain an advantage by his own act. Buck v. Mountain States Investment Corp., supra, and American Nat. Ins. Co. v. Tabor, 111 Tex. 155, 230 S.W. 397 (1921), although involving violations of the statutes by the insurers rather than the insureds, are such cases.

It follows that the judgment appealed from is not in error and should be affirmed. It is so ordered.

WATSON, J., and JAMES W. MUSGROVE, District Judge, concur.