555 P.2d 375

**STATE of New Mexico ex rel. NEW MEXICO WATER QUALITY CONTROL COMMISSION and New Mexico Environmental Improvement Agency, Plaintiff-Appellant,**

v.

**MOLYBDENUM CORPORATION OF AMERICA, Defendant-Appellee.**

**No. 2422.**

Court of Appeals of New Mexico.
Sept. 7, 1976.
Rehearing Denied Sept. 17, 1976.
Certiorari Denied Oct. 21, 1976.

Toney Anaya, Atty. Gen., Santa Fe, Douglas W. Fraser, William R. Murphey, Bruce S. Garber, Asst. Attys. Gen., for plaintiff-appellant.

Lewis O. Campbell, Campbell, Cherpelis & Pica, Albuquerque, for defendant-appellee.

## OPINION

WOOD, Chief Judge.

The State's amended complaint alleged the defendant discharged water containing mine tailings on three occasions. Two of the discharges were alleged to have been directly into the Red River. One discharge was alleged to have been into a campground and subsequently into the Red River. The amended complaint alleged the violation of two water quality control regulations—by failing to make immediate notification of the discharges to the appropriate government agency and by disposing of refuse in a natural watercourse. The State asked that a civil penalty be imposed for the alleged violations and that defendant be required to pay the reasonable cost of cleaning up the water that was polluted. The trial court granted defendant's motion for summary judgment; the State appeals. The issue is whether the State was required to seek voluntary compliance with the regulations before initiating the proceedings in this case.

The statute involved is § 75–39–9, N.M. S.A.1953 (Repl. Vol. 11, pt. 2), as amended by Laws 1970, ch. 64, § 5. It reads:

"A. If, as a result of investigation, a constituent agency has good cause to believe that any person is violating or threatens to violate any regulation of the commission for the enforcement of which the agency is responsible, and, if the agency is unable within a reasonable time to obtain voluntary compliance, the commission may initiate proceedings in the district court of the county in which the violation occurs. The commission may seek injunctive relief against any violation or threatened violation of regulations, and such relief shall be subject to the continuing jurisdiction and supervision of the district court and the court's powers of contempt. The attorney general shall represent the commission.

"B. In addition to the remedies provided in this section, the district court may impose civil penalties not exceeding one thousand dollars ($1,000) for each violation of the Water Quality Act or any regulation of the commission, and may charge the person convicted of such violation with the reasonable cost of treating or cleaning up waters polluted. Each day during any portion of which a violation occurs constitutes a separate violation.

"C. Any party aggrieved by any final judgment of the district court under this section may appeal to the court of appeals as in other civil actions.

"D. As an additional means of enforcing the Water Quality Act or any regulation of the commission, the commission may accept an assurance of discontinuance of any act or practice deemed in violation of the Water Quality Act or any regulation adopted pursuant thereto, from any person engaging in, or who has engaged in, such act or practice, signed and acknowledged by the chairman of the commission and the party affected. Any such assurance shall specify a time limit during which such discontinuance is to be accomplished."

The relief requested by the State is authorized in subsection B of § 75–39–9, supra. Defendant asserts that the first sentence of subsection A creates a cause of action; that the second sentence of subsection A and all of subsection B are remedies. The contention is that the State must have sought the voluntary compliance, referred to in the first sentence of subsection A, before the State has a cause of action in which to seek the remedies

provided in subsection B. Because the showing at the summary judgment hearing was that the State had not sought voluntary compliance in connection with the alleged violations, defendant contends the absence of a cause of action was established and summary judgment was properly granted. Defendant asserts this issue is supported by the rule that penal statutes are to be strictly construed.

Defendant refers us to the definition of "cause of action" in various texts and decisions in jurisdictions other than New Mexico. The definitions relied on by defendant are similar to the definition in *York v. American Nat. Bank of Silver City, N. M.,* 40 N.M. 123, 55 P.2d 737 (1936): "Every complaint, in order to state a cause of action, must show some primary right possessed by the plaintiff and some corresponding duty resting upon the defendant, and that such right has been invaded and such duty violated by some wrongful act or omission on the part of the defendant." See *London v. Bruskas,* 64 N.M. 73, 324 P.2d 424 (1958).

The Environmental Improvement Agency is a constituent agency of the Water Quality Control Commission. Section 75–39–2(I) and (J), N.M.S.A.1953 (Repl. Vol. 11, pt. 2, Supp.1975). The agency has the duty to maintain and enforce regulations in the area of water pollution as provided in the Water Quality Act. Section 12–12–10, N.M.S.A.1953 (Repl. Vol. 3, pt. 1). The agency has the power to "enforce the rules, regulations and orders promulgated by the [environmental protection] board and environmental management and consumer protection laws for which the agency is responsible by appropriate action in courts of competent jurisdiction . . . ." Section 12–12–9(E), N.M.S.A. 1953 (Repl. Vol. 3, pt. 1).

■ Under the above statutes, the State had a cause of action to enforce the regulations allegedly violated in this case.

■■ In addition, the State had authority to enforce its own regulations apart from any statutory authority. *In Re Debs,* 158 U.S. 564, 15 S.Ct. 900, 39 L.Ed. 1092 (1895) states: "Every government, entrusted, by the very terms of its being, with powers and duties to be exercised and discharged for the general welfare, has a right to apply to its own courts for any proper assistance in the exercise of the one and the discharge of the other . . . ." This right is simply the right of the state to execute its law. *State ex rel. Beck v. Basham,* 146 Kan. 181, 70 P.2d 24 (1937). This right is independent of any statutory provision and is based on the rights of a state either as a sovereign or as a political corporation. *State Highway Department v. Florence,* 73 Ga.App. 852, 38 S.E.2d 628 (1946); *State ex rel. Burgum v. Hooker,* 87 N.W.2d 337 (N.D. 1957). This right, or cause of action, applies to the discharge of a deleterious substance into the waters of the state. *State, Dept. of Envir. Pro. v. Jersey Central P. & L. Co.,* 125 N.J.Super. 97, 308 A. 2d 671 (Law Div. 1973), aff'd 133 N.J.Super. 375, 336 A.2d 750 (App.Div. 1975). See also *State of West Virginia v. Chas. Pfizer & Co.,* 440 F.2d 1079 (2nd Cir. 1971).

■ The State had a "cause of action", or as stated in Civil Procedure Rule 8(a), a "claim showing that the pleader is entitled to relief".

Defendant's contention then is that the voluntary compliance provision of the first sentence of subsection A of § 75–39–9, supra, is a limitation upon the remedies available to the State. Such a contention is based on the rule "that provisions prescribing the penalty in a statute are exclusive and that the courts have no right to impose any penalty save as provided by the Legislature." *Esquibel v. Chavez,* 12 N.M. 482, 78 P. 505 (1904). See *Southern States Life Insurance Co. v. McCauley,* 81 N.M. 114, 464 P.2d 404 (1970).

The answer to defendant's contention is that the voluntary compliance provision is not a limitation upon the remedies provided in subsection B of § 75–39–9, supra. The first sentence of subsection A is worded in terms of one who "is violating or threatens to violate any regulation." In these situations, which involve present or future conduct, voluntary compliance must be sought before injunctive relief may be obtained. Subsection B is worded in terms of violations that have occurred. This involves past conduct.

Under defendant's contention, the State would have to seek voluntary compliance with the regulations before seeking penalties under subsection B even though the State did not know of the violations until after the violations had ceased to occur. Under subsection A, however, voluntary compliance must be sought "within a reasonable time". Defendant would interpret the statute to require the State to spend a reasonable time seeking compliance with the regulations when the violations had ceased before the State knew the violations had occurred. Such a view would be an absurd reading of the statute. We are not to interpret statutes in that manner. *State v. Herrera*, 86 N.M. 224, 522 P.2d 76 (1974); *Midwest Video v. Campbell*, 80 N.M. 116, 452 P.2d 185 (1969).

The voluntary compliance provision of subsection A of § 75–39–9, supra, does not apply to the remedies provided in subsection B of the statute. The absence of voluntary compliance actions on the part of the State in this case did not prevent the State from seeking civil penalties and costs of cleanup under subsection B.

Oral argument is unnecessary. The summary judgment is reversed. The cause is remanded for further proceedings.

IT IS SO ORDERED.

HERNANDEZ and LOPEZ, JJ., concur.