[No. 1466, November 7, 1912.]

FIRST NATIONAL BANK OF ELIDA, Appellee, v. HARTFORD FIRE INSURANCE CO., of Hartford, Conn., Appellant.

### SYLLABUS (BY THE COURT).

1. It is a well settled principle, not in conflict with the rule as to admission of parol evidence, that the reformation of written contracts for fraud or mistake is an ordinary head of equity jurisdiction.

2. The party alleging the mistake must show exactly in what it consists, and the correction that should be made. The evidence must be such as to leave no reasonable doubt upon the mind of the Court as to either of those points. The mistake must be mutual and common to both parties to the instrument. It must appear that both have done what neither intended.

Appeal from District Court, Roosevelt County.

E. W. DOBSON, for Appellant.

Evidence offered and received to show that the company agreed to insure a mortgage interest was incompetent. Woodbury Savings Bank v. Charter Oak Ins. Co., 29 Conn. 374; 1 Greenl. Ev. par. 277; Finney v. Bedford Commercial Ins. Co., 41 Am. Dec. 515; Murray v. Columbia Ins. Co., 11 Johns. 302; Turner v. Burrows, 5 Wend. 541; Finney v. Warren Ins. Co., 1 Metcl. 18; Fuller and others v. Phoenix Ins. Co., 16 N. W. 273; Peoria Ins. Co. v. Hall, 12 Mich. 202; Northern Assur. Co. v. Grand View Bldg. Assn., 183 U. S. 308.

The evidence failed to show that there was a mutual mistake between the defendant's agent and the representative of the bank. In re Miller & Manfrs. Ins. Co., 106 N. W. 485; Atlas Reduction Co. v. New Zealand Ins. Co., 138 Fed. 497; Imperial Fire Ins. Co. v. Coos County, 151 U. S. 452; Delaware Ins. Co. of Philadelphia v. Greer, 120 Fed. 916.

JAMES A. HALL and LOUIS O. FULLEN, for Appellee.

"A policy may be reformed although the insured has held it, until after a loss, in silence and in ignorance, from omission to read the policy or careless reading, of necessity for reformation." Palmer v. Hartford Fire Ins. Co. 4 N. Eng. Rep. 470; 54 Conn. 488; 9 Atl. Rep. 248.

"A court of equity will reform a policy to conform to the mutual intention of the parties to insure a certain party or interest." Williams, Admr., v. North German Ins. Co., 24 Fed. Rep. 625.

"If by inadvertence, accident or mistake the terms of the contract are not fully set forth in the policy, it may be reformed so as to express the *real agreement.*" Thompson v. Phoenix Ins. Co., 136 U. S. 287; 34 L. Ed. 408; 10 Sup. Ct. Rep. 1019; Clem v. German Ins. Co., 29 Mo. App. 666.

"A mortgagee who has accepted a policy in favor of the mortgagor, *supposing .that it covers his interest,* may have the policy reformed." Easch v. Home Ins. Co., 78 Iowa 334; 43 N. W. Rep. 229.

See also the following cases in support of the proposi-

tion that contracts of insurance can be reformed upon parol testimony. Phoenix Fire Ins. Co. v. Hoffheimer, 56 Miss. 645; Maher v. Hibernian Ins. Co., 67 N. Y. 283; Ins. Co. v. Lewis, 48 Tex. 622; Eilenberger v. Protective Mutual Fire Ins. Co., 89 Pa. 464; Sias v. Roger Wililams Ins. Co., 10 Ins. L. J. 500; 8 Fed. Rep. 183; and 24 Fed. Rep. 318; 40 Fed. Rep. 717; 130 Ill. 345; 19 Cyc. 651-2-3-4; 34 Cyc. 925; 103 Pac. 87; 94 Fed. 990.

Under the policy as reformed by the lower court there can be no doubt whatever as to the right of the mortgagee to make the proof of loss. Robinson v. Palatine Ins. Co., 11 N. M. 162; Findiesen v. Metropole Fire Ins. Co., 15 Ins. Law Journal, 90; 57 Vt. 520; German Fire Ins. Co. v. Grunert, 14 Ins. L. J. 844; 112 Ill. 68; O'Connor v. Hartford Fire Ins. Co., 31 Wis. 160; Planter's Mutual Ins. Co. v. Deford, 38 Md. 382; Patterson v. Triumph Ins. Co., 64 Me. 500; Swan v. Liverpool, L. & G., 52 Miss. 704; Young v. Hartford Ins. Co., 45 Ia. 377; Mercantile Ins. Co. v. Holthouse, 43 Mich. 423.

"A statement intended in good faith as a compliance with the requirements of a policy as to proof of loss is sufficient, if the insurer on receiving it fails to give immediate notice of objections thereto, pointing out the defects." Liverpool, London & Globe Ins. Co. v. Sorsby, 60 Miss. 302; Firemen's Ins. Co. v. Floss, 67 Md. 403; Gould v. Dwelling H. Ins. Co., 134 Pa. 570; American C. Ins. Co. v. Brown, 29 Ill. App. 602; Smith v. Home Ins. Co., 14 N. Y. S. Rep. 106; Park v. Phoenix Ins. Co., 26 Mo. App. 537.

"Party to whom loss is payable may maintain action in his own name." Chamberlain v. Ins. Co., 55 N. H. 249; Hadley v. Ins. Co., 55 N. H. 110; Berthold v. Clay Ins. Co., 2 Mo. App. 311; State Ins. Co. v. Maackens, 9 Vroom 564 (N. J.); Hartford Fire Ins. Co. v. Olcott, 97 Ill. 439; 90 Ill. 121; Bank of Hamilton v. Westchester Ins. Co., 38 Up. Can. Q. B. 609; Turner v. Ins. Co., 109 Mass. 568; Pitney v. Glens Falls Ins. Co., 65 N. Y. 6; 77 N. Y. 600; Motley v. Mfg. Ins. Co., 29 Me. 337; 17 N. Y., 428; Ripley v. Aetna Ins. Co., 29 Barb. 552, Rev'd on another point, 30 N. Y. 136; Meridian Savings

Bank v. Home Mutual Fire Ins. Co., 50 Conn. 396; Hopkins Mfg. Co. v. Aurora F. & M. Ins. Co., 48 Mich. 148; Bartlett v. Iowa State Ins. Co., 77 Iowa 86, 41 N. W. Rep. 579.

"A 'mortgagee to whom loss is payable is not bound by the adjustment of loss, made without his consent, by the insurer with the mortgagor."

Hall v. Fire Assn., 64 N. H. 405; 13 Atl. Aep. 648.

The pendency of foreclosure proceedings is no defense to this action on the policy, as reformed by the lower court, and the appellant will not so contend in the face of the written stipulation to the contrary. Minnock v. Eureka F. & M. Ins. Co., 51 N. W. 367; Richland County Ins. Co. v. Sampson, 38 Ohio St. 672; Weiss v. American Fire Ins. Co., 23 Atl. 991; Bragg v. New Eng. Mut. F. Ins. Co., 5 Fost. 289.

A mortgagee who has accepted a policy in favor of the mortgagor, supposing that it covers his interest, may have the policy reformed. Esch v. Home Ins. Co., 78 Ia. 334; Jemison v. State Ins. Co., 52 N. W. 185; Balen v. Hanover F. Ins. Co., 34 N. W. 654.

Appellant here relies upon the proposition that there was not a mutual mistake between the defendant's agent and the agent of the bank. Abraham v. North German Ins. Co., 40 Fed. 717; German Ins. Co. v. Gueck, 31 Ill. App. 151; 19 Cyc. 702, 750.

STATEMENT OF FACTS.

This action was commenced by appellee to recover the sum of six hundred dollars on account of a certain fire insurance policy issued by the appellant on the 19th day of October, 1908, insuring for the period of one year the property described in said policy, which property was destroyed by fire on the 26th day of May, 1909. The policy was issued in the name of John Hamlett in the sum of six hundred dollars.

At the time the said insurance was written, the owner, John Hamlett, had given the First National Bank of Elida, appellee, a mortgage upon the property insured to secure an indebtedness in the sum of $1,133.25; and,

it also appears, that prior to the execution of said mort-
gage the owner of said property had given a mortgage,
upon the same property, to the Farmers' Savings Bank of
Elida to secure a debt of $1,113.00.

The first mortgage, above referred to, was dated Sep-
tember 12, 1908, and duly recorded ten days later; the
second was undated, but was acknowledged November 8,
1907, and not recorded until September 17, 1908. The tes-
timony of the officers of the First National Bank is that
the last mentioned note and mortgage was purchased by
said bank on October 1, 1908, possession of the note being
acquired at that time, but a written transfer or assign-
ment of the obligation was not made until February 24,
1909.

The application for insurance was made to the local
agents, Cain & Osborn, of the appellant by the First Na-
tional Bank, as mortgagee, and the premium was paid,
to the agents, by said bank. When the insurance policy
was delivered to the First National Bank by Mr. Cain,
one of the agents, there was attached to said policy a
loss payable clause in the short form, as follows:

"Policy No. 20015, assured John Hamlett, Loss if any,
payable to the First National Bank of Elida, New Mexico,
mortgagee as his interest may appear."

The evidence discloses that the policy of insurance was
returned to the agent, Mr. Cain, with the advise that the
loss clause was not the one desired and that a "subro-
gation mortgage clause" was desired; that a few days later
the policy was again returned to the bank with the fol-
lowing clause attached, to-wit:

'LOSS CLAUSE

Loss, if any, under this policy, to be adjusted with the
assured herein named and payable to the First National
Bank of Elida, New Mexico, as their interests may ap-
pear, subject to all terms and conditions of this policy."

It appears that the policy was not again examined by
officers of the bank and that the fact that the standard
subrogation mortgage clause was not ttached to the policy
did not appear until after the fire. It developed, at the

trial, that both forms of the loss payable clause, quoted above, had been attached to the insurance policy.

The appellee by its complaint sought to have the policy of insurance reformed so that a standard mortgage clause, with subrogation, would appear as a part of the insurance contract in place of the loss payable clauses herein set forth. The evidence discloses that the form of mortgage clauses, described by the bank, were carefully explained to the agent by one of the officers of the bank, who had previously been engaged in the insurance business; that the owners' whereabouts were unknown at the time the insurance was applied for.

The appellant in its answer admitted the execution of policy in favor of Hamlett, but denied any misunderstanding, between the parties, with reference to the attaching of a standard mortgage clause, with subrogation in favor of appellee; and, alleged that it had no knowledge of the existence of the mortgage given by Hamlett to the Farmers' Savings Bank; that the proof of loss, furnished by appellee, was defective in that it did not set forth any reason or excuse why the assured, John Hamlett, did not furnish the necessary proof of loss; together with numerous other allegations not necessary to consider in this opinion.

The case was set for hearing March 16, 1911, but on account of other matters before the court the case was continued, by agreement, until March 30, 1911.

On March 30th, counsel for appellant asked for a continuance upon the ground that he was unavoidably detained in Denver, but the continuance was refused and the cause heard without the presence of counsel for appellant and judgment was rendered by the court, jury having been previously waived, for the face of the policy.

The court finding that the plaintiff was entitled to a reformation of the contract of insurance, by adding thereto a subrogation of mortgage clause in lieu, and as a substitute for the loss payable clause attached to said policy at the time of its issuance.

Motion for a new trial was denied and appellant prayed this appeal.

## OPINION OF THE COURT.

HANNA, J.—The appellant has made numerous assignments of error, but having relied upon two in the argument, we will consider these in the order presented.

The first being "the evidence offered and received to show that the company agreed to insure a mortgage interest was incompetent." This assignment of error is based upon the well known rule that parol contemporaneous evidence is inadmissible to contradict or vary the terms of a valid written instrument.

The case of Woodbury Savings Bank v. Charter Oak Ins. Co., 29 Conn. 374, largely relied upon by appellant to sustain this assignment, was an action in assumpsit, and the opinion of the learned court, in that case, upon this subject was as follows:

"Two contracts, the one in writing and the other in parol, made between the same parties, at the same time, in regard to the same subject matter, and for the same purposes, but variant in their respective stipulations, cannot stand and be enforced together in the same suit, in a court of law. In such a case the law wisely determines to rely upon the written instrument alone, as the true and only safe expositor of the intention and final understanding and agreement of the contracting parties."

The same cause of action again came before the Supreme Court of Errors, 31 Conn. 517, by bill in equity to correct the policy of insurance and the court in the later case says:

"The case then is one where there was an agreement on the part of the company to insure the petitioners on their interest as mortgagees in the property in question.

"There was a mutual mistake as to the proper mode of filling out the papers on both sides. The application was made out in the wrong name and the policy was made to the wrong person. But there was no fraud or misrepresentation. The papers would have been made out right if they had known how to do it, and it is immaterial whether the mistake was one of fact or of law."

It is a well settled principle, not in conflict with the rule as to admission of parol evidence, that the reformation of written contracts for fraud or mistake is an ordinary head of equity jurisdiction. Hearne v. Marine Ins. Co., 20 Wall 488.

We fully agree with the opinion of Mr. Justice Swayne in the last case cited, that the party alleging the mistake must show exactly in what is consists, and the corrections that should be made. The evidence must be such as to leave no reasonable doubt upon the mind of the court as to either of these points. The mistake must be mutual and common to both parties to the instrument. It must appear that both have done what neither intended.

It is laid down in Cyc. vol. 19, p. 653, that "Parol evidence is admissible to prove the fraud or mistake but the courts exercise their power with extreme caution, and require the clearest proof before granting relief."

This court has held, in the case of Dearborn v. The Niagara Fire Ins. Co., 125 Pac. Rep. 606, in an opinion by Mr. Justice Roberts, that "if the contracting parties to the policy of insurance made a mistake in the description of the premises, or in the names of the insured, a court of equity, upon proper proof, has jurisdiction to reform the contract and correct the mistake."

For the reasons stated this assignment of error is not well taken.

The other point remaining for our consideration is that "the evidence failed to show that there was a mutual mistake between the defendants agent and the representative of the bank."

While fully agreeing that the mistake must be mutual we are of the opinion that the evidence did disclose that the mistake here sought to be corrected was a mutual one. There can be no question, after a careful examination of the record, that a mistake was originally made and the policy rejected, upon delivery, for that reason, with the agent of the appellant company then attempting to correct the error but quite apparently failing to do so, as there was no substantial difference between the two loss payable clauses, attached to the policy. The

evidence as to what was desired by appellee is equally plain and was fully explained to the agent, who apparently attempted, in good faith, to carry out the desires of the applicant for insurance, but failing in his purpose for reasons which do not appear.

The owner of the property, John Hamlett, left Elida several months before the insurance was applied for by the bank, and efforts to ascertain his whereabouts had proven unavailing. Can it be assumed, therefore, that equity would construe an intention on the part of both mortgagee and company to enter into an insurance contract by the terms of which the missing Hamlett must, of necessity, be produced to make proofs of loss, should loss occur?

This would appear to be a case where the mistake may be fairly implied from the nature of the transaction without requiring positive proof thereof. Brugger v. State Inv. Ins. Co., 4 Fed. Cas. No. 2051.

We are of the opinion that there is sufficient evidence in the record to support the finding of the learned trial judge and that this assignment of error is not one that should be sustained by this court.

We find no merit in the contention of appellant, referred to under the second point argued, that the company did not consent to the mortgage in favor of the Farmers' Savings Bank. This mortgage, with the note secured by it, had been purchased by the appellant before the insurance was applied for.

Upon examination of the record we do not find that there was any abuse of discretion on the part of the trial court in permitting the cause to go to trial without the presence of counsel for appellant.

We therefore hold that the lower court did not err in reforming the contract of insurance, and in rendering judgment for the appellee. The judgment is therefore affirmed.