423 P.2d 606

Lee Ellen Coleman MORRIS et al., Plaintiffs-Appellants,

v.

Mary Frances MERCHANT, June J. Kugeler, Gulf Oil Corporation, a corporation, Dorothy Swigart Carlson, Oscar W. Carlson, Marion Tracy Lelevier, John R. Joyce II, Elizabeth P. Joyce, Bruce D. Pardue, Executor of the Estate of C. P. Pardue, Deceased, and Mattie E. Pardue, Defendants-Appellees.

No. 8068.

Supreme Court of New Mexico.

Feb. 6, 1967.

James L. Dow, Carlsbad, for appellants.

Stagner, Sage, Walker & Estill, Carlsbad, for Dorothy Swigart Carlson, Oscar W. Carlson, John R. Joyce II, Elizabeth P. Joyce, Bruce D. Pardue, executor of estate of C. P. Pardue, deceased, and Mattie E. Pardue.

McCormick, Lusk, Paine & Feezer, Carlsbad, for Mary Frances Merchant and June J. Kugeler.

## OPINION

OMAN, Judge, Court of Appeals.

On October 2, 1963, plaintiffs-appellants filed suit to quiet their claimed title to the mineral interests in separately-described tracts of land. At the time of trial they discovered, apparently for the first time, that the language of the instrument, under which they claimed a reservation in their predecessors in title of the mineral interests in the seventy acres involved in this appeal, in fact failed to reserve such mineral interests in their predecessors.

This instrument was a deed dated February 10, 1916, and was recorded on February 15, 1916. The appellants' predecessors in title were the grantors and the deed contained the following clause:

"* * * It is expressly understood that grantee retain all mineral and mineral right in and to said land conveyed by this deed, with the right of egress and ingress to prospect for all mineral and oil and develop mines and wells."

There is no evidence that appellants, or their predecessors in title, at any time ever entered onto the premises for any purposes after February 10, 1916, and it was stipulated that no oil or gas wells had been drilled on the premises.

Appellants filed a motion for leave to amend their complaint, so as to add a count for reformation of the deed. Leave was granted, and they filed an amended complaint whereby they asserted the word "grantee" was mistakenly inserted in the above-quoted clause in the deed, "* * * when in truth and in fact the parties mutually intended to insert the word 'grantor,' * * *"

The appellees also asked leave to amend their respective answers and include the affirmative defense of res judicata, which defense they predicated upon a claim that a judgment had been entered on November 3, 1950, in a prior quiet title suit in which appellants had been joined as parties defendant as "unknown claimants of interest in the premises adverse to the plaintiff." The plaintiff in that prior suit was one of the defendants-appellees in this suit, and the same seventy acres of land were involved in both suits. The court granted the request.

The court entered a final decree in the present suit adjudging appellants to be the owners in fee simple of the oil, gas and other minerals lying in and under all the lands described in their complaint, except for the seventy acres here involved and in which the appellees claimed the entire fee simple estate, including the minerals. As to these seventy acres, the court adjudged and decreed that appellants' complaint should be dismissed. It is this portion of the court's final decree which is before us on appeal.

Appellants' points relied upon for reversal, which are five in number, are all directed at claimed error in the court's findings and conclusions that appellants were guilty of laches and were barred from asserting any title to the mineral interests in question by reason of the decree in the prior quiet title suit. The matters of laches and res judicata are affirmative defenses. Rule 8(c), Rules of Civil Procedure for the district courts of the State of New Mexico. However, before the effects of the affirmative defenses need be considered, appellants first had to establish their right to the relief they sought, absent these defenses.

A judgment, which can properly be sustained on correct legal principles under the pleadings and the evidence, will be affirmed, even though the trial court may have based the decision in whole or in part upon other principles. Atma v. Munoz, 48 N.M. 114, 146 P.2d 631; Heron v. Garcia, 48 N.M. 507, 153 P.2d 514; Flanagan v. Benvie, 58 N.M. 525, 273 P. 2d 381; Ortiz v. Gonzales, 64 N.M. 445, 329 P.2d 1027; Albuquerque National Bank v. Johnson, 74 N.M. 69, 390 P.2d 657. Every reasonable intendment and presumption will be resolved against appellants and in favor of the proceedings in the trial court. Scott v. Brown, 76 N.M. 501, 416 P.2d 516.

The trial court did not reform the instrument as appellants sought by the added count in their amended complaint, and the trial court did not find appellants had title to the mineral interests which should have been quieted, except for laches and res judicata.

Appellants have proceeded in their brief in chief upon the assumption that the trial court in fact reformed the instrument as requested. In their reply brief they seem to concede that the reformation was not made, but they contend that the findings made by the trial court compelled such a result.

They rely upon the findings:

"That a mistake was made in said deed in the reservation thereof in that the word 'grantee' was inserted therein by mistake in lieu of the word 'grantor.'

"That in the sale of real estate it is common usage and universally recognized that if the grantors desire to reserve the minerals in the property being granted, they do so by virtue of a specific reservation of minerals contained in said deed. That if the grantor intends to pass the minerals in the deed to property, they do so by virtue of deeding all of the property without any reservation of minerals."

They also rely upon a finding that appellants and appellees "acquired their titles at a common source," being the deed to which reference is above made. These three findings had been submitted as requests by appellants.

In their argument in support of · their position that the court erred in holding them guilty of laches, appellants cite Cleveland v. Bateman, 21 N.M. 675, 158 P. 648, and Hobson v. Miller, 64 N.M. 215, 326 P.2d 1095, and they quote the language taken from 18 Enc. P. & P., 825, 826, which is quoted by us at page 688 of Vol. 21, New Mexico Reports.

Cleveland v. Bateman, supra, sets forth very clearly that equity has jurisdiction to reform written instruments on the basis of mistake, in two well-defined situations. We quoted with approval the following from 4 Pom. Eq.Juris., § 1376; 24 Am. & Eng.Enc. of Law (2d ed.) at 648:

"Equity has jurisdiction to reform written instruments in but two well-defined cases: (1) Where there is a mutual mistake; that is, where there has been a meeting of minds, an agreement actually entered into, but the contract, deed, settlement, or other instrument, in its written form, does not express what was really intended by the parties thereto; and (2) where there has been a mistake of one party, accompanied by fraud or other inequitable conduct of the remaining parties."

In the same case we also quoted with approval on the same point from First National Bank of Elida v. Hartford Fire Ins. Co., 17 N.M. 334, 127 P. 1115, wherein this court stated:

"The mistake must be mutual and common to both parties to the instrument. It must appear that both have done what neither intended."

See also to the same effect Franciscan Hotel Co. v. Albuquerque Hotel Co., 37 N.M. 456, 24 P.2d 718; Kessinger v. Anderson, 31 Wash.2d 157, 196 P.2d 289; Smith v. Anderson, 121 Colo. 175, 214 P.2d 366; Camilla Feed Mills, Inc. v. St. Paul Fire & Marine Ins. Co., 177 F.2d 746, 13 A.L.R.2d 705 (5th Cir. 1949); 4 Pom. Eq.Juris. § 1376 (5th ed. 1941); 45 Am. Jur., Reformation of Instruments § 55; 27 Am.Jur.2d, Equity § 33 at 555.

The appellants sought reformation upon the theory that a mutual mistake had been made by the grantors and the grantees. It was not contended that a mistake was made by one party, accompanied by fraud or other inequitable conduct of the other party.

Appellants requested five findings by which they sought to have the trial court find that the mistake was a mutual mistake of the grantors and the grantees. All of these requested findings were refused.

They also requested three conclusions of law by which they sought to have the court reform the deed on the basis of a mutual mistake. These three requests were refused, as was a request:

"That the court acting in equity should reform and quiet the title of the plaintiffs in and to the seventy acres of vest-

ed mineral estate in question as against the adverse claims of the defendants, and each of them."

The trial court found that at no time since the 1916 deed, until this suit was filed, did the plaintiffs assert any claim to the lands, and also found that the property was deeded in 1929 to one of the appellees and a deceased person, who are the ones under whom all the appellees claim, and "that the defendants [appellees] received title to said property," as a result thereof. The court concluded that, "Plaintiffs [appellants] have failed to establish title to the 70 acres of mineral rights in question."

■■ The refusal of the court to adopt any of the requested findings and conclusions as to a mutual mistake, the making of the findings and conclusions to which reference has just been made, and the refusal of the court to reform the 1916 deed, or to quiet the title of appellants in the claimed mineral interests, have in no way been attacked, except as it may be said there has been a general attack thereon by reason of the attack on the result under the points relied upon for reversal, and the arguments advanced under these points. Unless findings are directly attacked they are the facts in this court. Latta v. Harvey, 67 N.M. 72, 352 P.2d 649; Hutchison v. Boney, 72 N.M. 194, 382 P.2d 525. A party claiming error on the part of the trial court must be able to point clearly to it. Board of Trustees of Town of Torreon Land Grant v. Garcia, 32 N.M. 124, 252 P. 478; Mitchell v. McCutcheon, 33 N.M. 78, 260 P. 1086; Chavez v. Potter, 58 N.M. 662, 274 P.2d 308; Vonfeldt v. Hanes, 196 Kan. 719, 414 P.2d 7.

As stated above, appellants assert error by the trial court in the findings and conclusions that appellants were guilty of laches and barred by the judgment entered in the prior quiet title suit.

■ We are of the opinion that the trial court's refusal to reform the 1916 deed and to quiet the title of appellants to the mineral interests in the 70 acres finds support in the record, regardless of whether the court did or did not err in concluding appellants' claims were barred by laches and by res judicata.

■ The function of an appellate court is to correct an erroneous result, and it will not correct errors which, even if corrected, will not change the result. Southern California Petroleum Corp. v. Royal Indemnity Co., 70 N.M. 24, 369 P.2d 407; Franklin's Earthmoving, Inc. v. Loma Linda Park, Inc., 74 N.M. 530, 395 P.2d 454; Brundage v. K. L. House Construction Co., 74 N.M. 613, 396 P.2d 731; Tevis v. McCrary, 75 N.M. 165, 402 P.2d 150.

The judgment of the trial court should be affirmed.

It is so ordered.

CHAVEZ, C. J., and CARMODY, J., concur.