| FRANKLIN V. HATCH |
|---|

This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**BRYCE FRANKLIN,**
**Plaintiff-Appellant,**
**v.**
**TIMOTHY HATCH, MATTHEW MONTOYA, and TIMOTHY HERNANDEZ,**
**Defendants-Appellees.**

Docket No. A-1-CA-37281
COURT OF APPEALS OF NEW MEXICO
March 12, 2019

APPEAL FROM THE DISTRICT COURT OF UNION COUNTY, Emilio J. Chavez, District Judge

**COUNSEL**

Bryce Franklin, Santa Fe, NM, Pro Se Appellant

YLAW, P.C., Sean E. Garrett, Albuquerque, NM, for Appellees

**JUDGES**

LINDA M. VANZI, Judge. WE CONCUR: JULIE J. VARGAS, Judge, JENNIFER L. ATTREP, Judge

**AUTHOR:** LINDA M. VANZI

**MEMORANDUM OPINION**

**VANZI, Judge.**

{1}     Plaintiff, a self-represented prisoner, appeals from an order granting summary judgment on Plaintiff's civil claims. We issued a calendar notice proposing to affirm. Plaintiff has responded with a memorandum in opposition. We affirm.

{2}     Plaintiff continues to claim that he was denied due process by his disciplinary proceedings. [MIO 3] The district court granted summary judgment in favor of Defendants. [RP 224] "Summary judgment is appropriate where there are no genuine

issues of material fact and the movant is entitled to judgment as a matter of law." *Bank of N.Y. Mellon v. Lopes*, 2014-NMCA-097, ¶ 6, 336 P.3d 443 (internal quotation marks and citation omitted).

{3}    Defendants presented an affidavit and documents that showed that Defendants complied with the procedural protections given to inmates during the disciplinary process, including notice, a hearing, the right to be present, and the taking of evidence. [RP 141-59] Under such circumstances, this Court has ruled that due process has been afforded. *Griffin v. Thomas*, 2004-NMCA-088, ¶¶ 51-52, 136 N.M. 129, 95 P.3d 1044. To the extent that Plaintiff is asserting that Defendants failed to establish a prima facie showing that they were entitled to summary judgment [MIO 4], our review of the records indicates otherwise. [RP 141-59] Finally, we believe that Defendants were entitled to summary judgment even if, arguendo, we applied a heightened due process review under our state constitution.

## ISSUE 2:

{4}    Plaintiff continues to claim that the district court erred by failing to rule on various motions before granting summary judgment. [MIO 15] These motions apparently requested further discovery and a motion to amend the complaint. [DS 3] Defendant has not established that these motions would have created a sufficient material factual dispute to avoid summary judgment. *See Morris v. Merchant*, 1967-NMSC-026, ¶ 24, 77 N.M. 411, 423 P.2d 606 ("The function of an appellate court is to correct an erroneous result, and it will not correct errors which, even if corrected, will not change the result."). Instead, we construe Plaintiff's motions as a bare assertion that material factual disputes could develop. A party opposing summary judgment "may not simply argue that [evidentiary] facts [requiring a trial on the merits] might exist, nor may [the party] rest upon the allegations of the complaint." *Dow v. Chilili Coop. Ass'n*, 1986-NMSC-084, ¶ 13, 105 N.M. 52, 728 P.2d 462.

{5}    For the reasons discussed above, we affirm.

{6}    **IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**JULIE J. VARGAS, Judge**

**JENNIFER L. ATTREP, Judge**