This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-37565**

**CHRISTOPHER SADDLER,**

Plaintiff-Appellee,

v.

**ARTICE FAY BANNISTER, SUCCESSOR TRUSTEE OF THE FRED SADDLER REVOCABLE TRUST DATED OCTOBER 28, 1995; MICHELLE A. MCCLENEHAN, SUCCESSOR TRUSTEE OF THE DOROTHY T. SADDLER TRUST; and THE UNKNOWN PERSONAL REPRESENTATIVE OF THE ESTATE OF DOROTHY T. SADDLER, Deceased,**

Defendants-Appellants.

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY**
**John Davis, District Judge**

Jones & Smith Law Firm, LLC
J. Brian Smith
Albuquerque, NM

for Appellee

Freedman Boyd Hollander Goldberg Urias & Ward, P.A.
Vincent J. Ward
Albuquerque, NM

Raymond Hamilton
Albuquerque, NM

for Appellants

**MEMORANDUM OPINION**

**VANZI, Judge.**

**{1}** We have withdrawn our previous opinion in this appeal, filed on April 17, 2019, and substitute the present opinion in its stead.

**{2}** Defendants appeal a judgment and order dealing with the interpretation and enforcement of a trust. This Court's notice of proposed summary disposition proposed to affirm the judgment of the district court. [CN 8] When Defendants filed no timely memorandum opposing summary affirmance, this Court issued a memorandum opinion affirming the judgment below. Defendants then sought a stay based upon Defendant's counsel's incapacity to proceed, which this Court granted. Defendants have since filed a motion for reconsideration of that memorandum opinion. In that motion, Defendants assert error in the resolution of three issues addressed in the calendar notice.

**{3}** The first issue deals with the appointment of a successor trustee. [MOTN 1] The district court found that an attempt to amend the trust instrument in order to change the successor trustee designation was void. [RP 823] Our calendar notice proposed to agree. [CN 4] In their motion for reconsideration, Defendants assert that a provision of the trust allowed that, after the death of the settlor, and upon the resignation of a successor trustee "the beneficiary or a majority in interest of the beneficiaries then entitled to receive or have the benefit of the income from the trust, shall appoint another successor trustee." [MOTN 3 (quoting the trust)] That trust language, however, does not support Defendants' argument that *the trustee* had power to appoint a successor. [MOTN 4] Even accounting for the fact that the relevant trustee was also a remainder beneficiary, Defendants offer no reasoning to suggest that she was either "the beneficiary" or that she represented "a majority in interest of the beneficiaries." It thus appears that the district court correctly interpreted Defendants' actions as an attempt to modify or amend the existing terms of the trust in order to appoint a successor trustee contrary to the successor named in the trust itself.

**{4}** As their second issue, Defendants assert that the district court improperly found a latent ambiguity in the trust, with the result that extrinsic evidence of the settlor's intent was considered at trial. [MOTN 6] Defendants suggest that the intent of the settlor was clear on the face of the trust agreement, itself. [MOTN 7] Defendants also concede that the district court's ultimate finding of the settlor's intent is consistent with the intent they believe to be clear from the trust instrument. [Id.] Thus, any error in this regard would appear to have been entirely harmless. Although Defendants assert that "[t]here is potential mischief in consideration of extrinsic evidence when the intent of the document drafter is clear on the face of the document," [id.] it is the function of this Court "to correct an erroneous result, and [not to] correct errors which, even if corrected, will not change the result." *Morris v. Merchant*, 1967-NMSC-026, ¶ 24, 77 N.M. 411, 423 P.2d 606.

**{5}** Defendant's final assignment of district court error asserts that hearsay was received at trial. [MOTN 7] As our calendar notice pointed out, however, the hearsay at issue appears to have fallen within a valid exception to the hearsay rule. [CN 6 (citing

Rule 11-803(3) NMRA (allowing admission of a declarant's then-existing state of mind))] Defendants' motion suggests no basis to revisit that conclusion. Accordingly, we remain unpersuaded that error occurred with regard to the admission of hearsay evidence. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 (holding that "the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law").

**{6}**     And finally, Plaintiff has filed a request for costs and fees on appeal, relying upon the common fund doctrine as well as this Court's discretion pursuant to Rule 12-403(A) NMRA. Having reviewed that motion and Defendants' response, we conclude that an award of costs and fees is appropriate in this appeal and remand for the district court's consideration and determination of reasonable attorney fees incurred on appeal. We, therefore, affirm the judgment entered below and remand for the entry of an award of appellate costs and fees.

**{7}     IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**BRIANA H. ZAMORA, Judge**