This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-39120

**ALBERT TOM CORDOVA and ROBERT TIM CORDOVA,**

      Plaintiffs-Appellants,

v.

**LOUIS ORLANDO CORDOVA,**

      Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Francis J. Mathew, District Court Judge**

Hurley Toevs Styles Hamblin & Panter PA
Gregory W. MacKenzie
Lalita Devarakonda
Albuquerque, NM

for Appellants

Law Office of Jamison Barkley, LLC
Jamison Barkley
Santa Fe, NM

for Appellee

### MEMORANDUM OPINION

**IVES, Judge.**

**{1}** This case involves a dispute between Plaintiffs Albert Tom Cordova and Robert Tim Cordova (individually, Tom or Tim) and Defendant Louis Cordova about the distribution of certain real property (the Properties) owned by their deceased mother, Maria Elena Cordova (Decedent). Plaintiffs appeal two district court orders granting Defendant's motion for directed verdict and dismissing Plaintiffs' complaint. Of the many

arguments made on appeal, several are not preserved, and we need only address two arguments to resolve the appeal: (1) that Decedent improperly revoked a living trust (the Trust) with a subsequent will (the Will); and (2) that Plaintiffs' claims of undue influence should not have been dismissed because those claims were properly before the district court. Unpersuaded by either argument, we affirm.

**BACKGROUND**

**{2}** The dispute between the parties gave rise to two parallel proceedings pertaining to the distribution and ownership of the Properties: a probate case, case number D-101-PB-2017-00079 (Probate Proceeding), and a civil case, case number D-101-CV-2017-01869 (Civil Proceeding). The latter is the subject of this appeal.[1] Defendant initiated the Probate Proceeding—a formal probate in district court—and notified Plaintiffs of his application. That court admitted Decedent's Will into probate without objection. Then Plaintiffs initiated the Civil Proceeding instead of bringing their claims in the Probate Proceeding. Pertinent to this appeal, Plaintiffs alleged that Defendant unduly influenced Decedent in amending the Trust and later revoking it with the recently probated Will and, while Decedent was alive, in conveying several (but not all) of the Properties from the Trust to herself and to Defendant as co-tenants. Defendant counterclaimed that Plaintiff Tim slandered the title to the Properties because he recorded deeds of the Properties according to the Trust rather than the Will.

**{3}** The district court granted Defendant's motion for a directed verdict on all of Plaintiffs' claims and on Defendant's slander of title claim. In doing so, the court determined that the Will properly revoked the Trust and that Plaintiffs should have brought their undue influence claims in the Probate Proceeding because "if proven, [the claims] would give rise to disputed . . . real property becoming estate assets." Plaintiffs appeal.

**DISCUSSION**

**{4}** We first review Plaintiffs' preserved arguments, then discuss their unpreserved ones.[2]

**I.      Plaintiffs' Preserved Arguments Do Not Establish Error**

**{5}** Plaintiffs do not meet their burden of showing how the district court erred by concluding that (1) the Will properly revoked the Trust, and (2) Plaintiffs' undue influence claims were improperly brought in the Civil Proceeding. "The function of an appellate court is to correct an erroneous result." *Morris v. Merchant*, 1967-NMSC-026,

---

1Plaintiffs also refiled the claims at issue here in the Probate Proceeding, and the claims in that proceeding are not before us. Our opinion does not address those claims or resolve any other issues in that proceeding.

2To the extent that Plaintiffs wished to present additional arguments not addressed in this opinion, we believe those arguments are unclear or inadequately developed, and we therefore decline to review them on appeal. *See Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53.

¶ 24, 77 N.M. 411, 423 P.2d 606. On appeal, we presume the district court was correct, and it is the appellant's burden to clearly show how the district court erred. *See Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063. Without a showing of error by appellant, we have nothing to correct and will affirm the district court's decision. *Id.* We discuss each of Plaintiffs' arguments in turn.

## A.      Whether Decedent's Will Properly Revoked the Trust

**{6}**      As is applicable here, one may revoke a trust with a will "that expressly refers to the trust" so long as the revocation method outlined in the trust "is not expressly made exclusive." NMSA 1978, § 46A-6-602(C)(2) (2007). Plaintiffs argue that the court erred because the Trust had an exclusive method of revocation.[3] We disagree.

**{7}**      Here, the Trust allowed Decedent to "amend or revoke [the Trust], in whole or in part, by written notice to" both Decedent and Plaintiff Tim and that "[u]pon any revocation," Decedent or Plaintiff Tim "shall deliver to [Decedent] . . . any property as to which the [T]rust has been revoked, together with supporting instruments as may be necessary to release any interest [Decedent or Plaintiff Tim] may have in the property." Critically, the Trust term does not expressly state that the method of revocation is exclusive. Plaintiffs argue that the Trust term *implicitly* excluded revocation by way of a will. But the statute does not provide for implicit exclusion. The plain language of Section 46A-6-602(C)(2) clearly states that the trust's term must be "expressly made exclusive" to prevent a will from revoking the trust. *Id.*; *see Sims v. Sims*, 1996-NMSC-078, ¶ 17, 122 N.M. 618, 930 P.2d 153 (requiring a court to give effect to the statute's language and refrain from further interpretation when the language is clear and unambiguous). We conclude that the plain language of Section 46A-6-602(C)(2) allowed Decedent to use her Will to revoke her Trust.

**{8}**      Precedent buttresses our conclusion. In *In re Schlicht*, 2014-NMCA-074, ¶¶ 3, 16, 329 P.3d 733, this Court determined that a trust term that included language substantially similar to the language at issue here was nonexclusive. Plaintiffs seek to distinguish *Schlicht* by identifying minor differences between each trust's requirements regarding the timing for delivery of notice and the number of trustees. However, they do not explain why we should conclude that such differences mean that the Trust term here was the exclusive method of revocation—a conclusion that would run afoul of the plain language of Section 46A-6-602(C)(2), as we have explained.

**{9}**      Because Section 46A-6-602(C)(2)(a) allowed Decedent to revoke the Trust with her Will so long as she expressly referred to the Trust in her Will, and she did just that,

---

[3]Plaintiffs alternatively argue that it was error for the court to grant the directed verdict because there was a factual dispute about whether Decedent satisfied the requirements of Section 46A-6-602(C)(1), which allows revocation so long as the method used "substantially compli[es]" with the trust terms. *Id.* We need not address this argument because, as we discuss in this part of the opinion, the Trust was properly revoked under Section 46A-6-602(C)(2).

we are not persuaded that the district court erred by concluding that the Trust was properly revoked. *See Farmers, Inc.*, 1990-NMSC-100, ¶ 8.

**B.      Whether Plaintiffs' Claims of Undue Influence Were Properly Dismissed**

**{10}**    Plaintiffs next contend that their undue influence claims could be brought in the Civil Proceeding regardless of the Probate Proceeding and the order there that probated the Will. To begin, we do not understand the parties to dispute that the order probating the Will is final. And so, for the purposes of this opinion, we assume without deciding that the order probating the Will is final and that the terms of the Will— including the clause revoking the Trust—are to be given effect because the application for probate was uncontested. *See* NMSA 1978, § 45-3-412(A) (1995) (stating a formal testacy order is final, subject to certain exceptions); NMSA 1978, § 45-3-407 (1975) (outlining the burdens for contesting the validity of a will). The parties disagree about the legal rationale relied upon by the district court in concluding that the order probating the Will barred Plaintiffs from bringing their claims in the Civil Proceeding. Plaintiffs assert that the court did so under either claim or issue preclusion. Defendant, on the other hand, argues that the court relied upon *Wilson v. Fritschy*, 2002-NMCA-105, 132 N.M. 785, 55 P.3d 997, for the proposition that a probate proceeding is the proper forum for addressing the distribution of disputed assets. Plaintiffs do not establish that the court erred by applying either rationale. *See Farmers, Inc.*, 1990-NMSC-100, ¶ 8. As such, we affirm the district court's dismissal.[4]

**1.      Preclusion Doctrines**

**{11}**    As we understand Plaintiffs' briefs, they argue that the district court improperly dismissed their claims based on claim or issue preclusion because (1) the court presiding over the Probate Proceeding did not have exclusive jurisdiction over their claims; (2) the Probate Proceeding was not the exclusive venue to challenge the revocation of the Trust; (3) Plaintiffs did not violate any specific provision of the Uniform Trust Code (UTC), NMSA 1978, §§ 46A-1-1 to -11-1105 (2003, as amended through 2018), by bringing their claims in civil court rather than in the Probate Proceeding; and (4) the provision in the Will revoking the Trust was nontestamentary, which allowed them to bring their claims in civil court.[5] Assuming the district court dismissed the claims

---

[4]Plaintiffs further argue that (1) the court erred because it did not explicitly rule on all of their theories of undue influence; and (2) the directed verdict was improper because the court recognized that there was disputed evidence about whether Defendant unduly influenced Decedent. We necessarily resolve these arguments by affirming the dismissal of Plaintiffs' claims. First, the court did address each of Plaintiffs' theories of undue influence: It dismissed Plaintiffs' entire complaint and found that Plaintiffs' "*claims* of undue influence" were improperly before it. (Emphasis added.) Second, Plaintiffs do not establish how the issue of undue influence presents a "true issue[] of fact" as to the court's dismissal of their claims pursuant to a preclusion doctrine or *Wilson*, *see Young v. Gila Reg'l Med. Ctr.*, 2021-NMCA-042, ¶ 27, 495 P.3d 620 (internal quotation marks and citation omitted), and we will not imagine an argument for them. *See Elane Photography, LLC*, 2013-NMSC-040, ¶ 70.

[5]Plaintiffs further contend that Defendant was barred from raising a preclusion argument at trial because he failed to include the defense in his answer pursuant to Rule 1-008 NMRA, thus waiving it. However, Plaintiffs did not preserve this argument and have not argued an exception to the preservation rule, *see* Rule 12-321 NMRA, and we therefore decline to review the argument. Nor have Plaintiffs provided any

under claim or issue preclusion, and without reaching the merits of Plaintiffs' legal contentions, Plaintiffs do not establish error.

**{12}** A party asserting claim preclusion "must establish that (1) there was a final judgment in an earlier action, (2) the earlier judgment was on the merits, (3) the parties in the two suits are the same, and (4) the cause of action is the same in both suits." *Potter v. Pierce*, 2015-NMSC-002, ¶ 10, 342 P.3d 54. Similarly, for issue preclusion, the asserting party must show "(1) the party to be estopped was a party to the prior proceeding, (2) the cause of action in the case presently before the court is different from the cause of action in the prior adjudication, (3) the issue was actually litigated in the prior adjudication, and (4) the issue was necessarily determined in the prior litigation." *Ideal v. Burlington Res. Oil & Gas Co. LP*, 2010-NMSC-022, ¶ 9, 148 N.M. 228, 233 P.3d 362 (internal quotation marks and citation omitted).

**{13}** Plaintiffs do not show how their various theories, even if correct, establish that the application of a preclusion doctrine was in error. In other words, Plaintiffs do not explain how the elements of either issue preclusion or claim preclusion are undermined, negated, or otherwise adversely impacted by Plaintiffs' various theories, and we will not speculate about how Plaintiffs' theories might relate to the elements of the preclusion doctrines. *See Elane Photography, LLC*, 2013-NMSC-040, ¶ 70. Relatedly, Plaintiffs provide no authority that establishes that their theories have any bearing on the analysis under either preclusion doctrine, and we therefore assume no such authority exists. *See Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482. We conclude that Plaintiffs have not carried their burden of establishing error. *Farmers, Inc.*, 1990-NMSC-100, ¶ 8.

## 2. *Wilson*

**{14}** Defendant contends that the district court dismissed Plaintiffs' undue influence claims pursuant to *Wilson*, 2002-NMCA-105. Our understanding is that Plaintiffs seek to distinguish *Wilson* from the instant case in three ways: (1) their undue influence claims do not challenge the Will, but rather the revocation of the Trust; (2) several of their claims did not challenge estate assets; and (3) *Wilson* was decided before the enactment of the UTC, which has its own procedure for challenging a trust. Again, Plaintiffs have not established error.

**{15}** In *Wilson*, this Court addressed whether to "recognize the tort of intentional interference with expected inheritance when probate proceedings are available to address the just distribution of disputed assets and can otherwise provide adequate relief." *Id.* ¶ 1. It held that it would not. *Id.* ¶ 35. The *Wilson* Court reasoned "that disputes over the validity of a testamentary instrument should be resolved in probate," and that in such disputes "there will normally be no cause for a separate action in tort." *Id.* ¶¶ 21-22. Further, it agreed with the majority of jurisdictions, which "only allow[] tort claims [relating to the distribution of disputed estate assets brought outside of a probate

---

other argument that the order probating the will rendered the will—and its trust-revocation clause—final and enforceable.

proceeding] when probate relief would be unavailable or inadequate" and further reasoned that "[i]f we were to permit, much less encourage, dual litigation tracks for disgruntled heirs, we would risk destabilizing the law of probate and creating uncertainty and inconsistency in its place." *Id.* ¶¶ 16-19.

**{16}** We understand Plaintiffs to argue first that *Wilson* is inapplicable because they do not challenge the Will. We are unpersuaded because even though Plaintiffs do not expressly challenge the Will, they do in effect. *See id.* ¶ 17 (relying on an Illinois case which disallowed torts claims in a separate proceeding to probate whose "practical effect would invalidate a will that has become valid under the Probate Act.'" (quoting *Robinson v. First State Bank*, 454 N.E.2d 288, 294 (Ill. 1983))). After all, the Will is what expressly revoked the Trust, and the Trust and the Will distributed the Properties differently. Thus, if Plaintiffs are successful in their undue influence claims, the result would impact the distribution of the disputed assets, making *Wilson* on point. *See id.* ¶¶ 21-22.

**{17}** Second, we understand Plaintiffs to distinguish *Wilson* by noting that they do not contest estate assets with their claims that Defendant unduly influenced Decedent in conveying several of the Properties from the Trust to Defendant and herself. *See id.* ¶ 35 (declining to recognize tortious interference of inheritance "when probate proceedings are available to address the disposition of disputed assets"). We are not persuaded. Plaintiffs rely on Defendant being a joint tenant for most of these Properties. However, they ignore the impact of their claims. The court determined that if Plaintiffs' claims were successful, the "real property [at issue would] becom[e] estate assets," and Plaintiffs do not develop an argument that the district court erred in this determination. *See Elane Photography, LLC*, 2013-NMSC-040, ¶ 70. We understand Plaintiffs to question whether the estate holds title to the Properties because, according to Plaintiffs, Defendant unduly influenced Decedent in conveying them. Formal probate proceedings have exclusive jurisdiction over such questions. *See In re Estate of Harrington*, 2000-NMCA-058, ¶ 23, 129 N.M. 266, 5 P.3d 1070 ("[B]y adopting the Uniform Probate Code, the Legislature conferred upon district courts exclusive original jurisdiction over formal probate proceedings, including exclusive jurisdiction over proceedings to determine the title to real property."); *accord* NMSA 1987, § 45-1-302(B) (2011) (same). Plaintiffs' argument does not establish that, if the district court relied on *Wilson*, it erred by doing so.

**{18}** Plaintiffs' third argument is that *Wilson* is inapplicable because the UTC provides a specific and separate remedy for challenging a trust, *see* § 46A-6-604, and an adequate remedy was not available in the Probate Proceeding. *See Wilson*, 2002-NMCA-105, ¶¶ 21-22 (requiring a plaintiff, in part, to bring a tort claim disputing the validity of a testamentary instrument in probate so long as the probate proceeding could provide an adequate remedy). We disagree. The Probate Proceeding was a formal probate in district court, which has general civil jurisdiction and therefore had the authority to review the Trust under the UTC and provide the remedies available under the UTC. *See In re Estate of Harrington*, 2000-NMCA-058, ¶ 18. The UTC's distinct procedure for challenging the Trust does not render *Wilson* inapplicable here.

**{19}** In sum, Plaintiffs have not shown how the district court erred in granting Defendant's motion for directed verdict and dismissing Plaintiffs' claims of undue influence pursuant to claim preclusion, issue preclusion, or *Wilson*, 2002-NMCA-105. *See Farmers, Inc.*, 1990-NMSC-100, ¶ 8. We therefore affirm the district court's ruling.

## II. We Decline To Reach Plaintiffs' Remaining Arguments Because They Are Not Preserved

**{20}** Plaintiffs further contend that directed verdict for Defendant's slander of title claim was improper by attacking specific elements of the tort. *See Vill. of Wagon Mound v. Mora Trust*, 2003-NMCA-035, ¶ 74, 133 N.M. 373, 62 P.3d 1255 (outlining the elements of slander of title). Specifically, they argue that (1) Defendant failed to establish Plaintiff Tim's knowledge and intent; (2) they presented countervailing evidence sufficient to create a factual dispute as to Plaintiff Tim's knowledge and intent; and (3) the deeds that Decedent used to convey several of the Properties from the Trust to herself and Defendant were not marketable because the grantor on the deeds was not Decedent herself but rather the Trust. All three arguments are unpreserved. *See* Rule 12-321(A) NMRA.

**{21}** Plaintiffs assert they made these arguments at trial, in their motions for summary judgment, and in their motion for reconsideration. We disagree. Instead of presenting the district court with the specific arguments they now make on appeal, Plaintiffs argued to the district court that directed verdict for Defendant's slander of title claim was improper because Plaintiffs created a factual question: whether Defendant's undue influence caused Decedent's conveyances of the Properties to be invalid or ineffective.[6] *See Holcomb v. Rodriguez*, 2016-NMCA-075, ¶ 13, 387 P.3d 286 ("To preserve an issue for review on appeal, it must appear that the appellants fairly invoked a ruling of the district court on the same grounds argued in the appellate court." (text only) (citation omitted)). This is obviously different from asserting that the evidence Defendant presented was insufficient to establish the element of intent or knowledge, or that Plaintiffs presented conflicting evidence regarding that element. *See id.* Further, arguing that the conveyances were invalid because of Defendant's undue influence does not fairly invoke a ruling on whether title is marketable because, on the various deeds, the grantor was the Trust rather than Decedent. *See id.*; *see also* Rule 12-321. Because these arguments are unpreserved and Plaintiffs invoke no exception to the preservation rule, *see* Rule 12-321(B), we decline to reach the merits of the arguments.

## CONCLUSION

**{22}** We affirm.

---

[6]Plaintiffs do make this specific argument on appeal, but raise it for the first time in their reply brief. Because it is not raised in response "to new arguments or authorities presented in the answer brief," we decline to review it on appeal. *Mitchell-Carr v. McLendon*, 1999-NMSC-025, ¶ 29, 127 N.M. 282, 980 P.2d 65 (internal quotation marks and citation omitted); *see also* Rule 12-318(C) NMRA (stating in pertinent part that a reply brief "shall reply only to arguments or authorities presented in the answer brief").

**{23}** IT IS SO ORDERED.

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**MEGAN P. DUFFY, Judge**